UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILES ORLANDO LEE,             )
                               )
        Plaintiff,             )
                               )
   v.                          )   Civil Action No. 08-1091 (ESH)
                               )
U.S. ATTORNEY GENERAL MUKASEY  )
*et al.*,                      )
        Defendants.            )

**MEMORANDUM OPINION**

Miles Orlando Lee is a prisoner at the Federal Correctional Institution at Oxford, Wisconsin. Citing 28 U.S.C. § 1361, Lee filed a complaint for mandamus directed to Michael Mukasey, the United States Attorney General, Harry Lappin, the Director of the Federal Bureau of Prisons, and Carol Holinka, the Warden of the prison at Oxford. Because it is clear on initial review, 28 U.S.C. § 1915A(a), that the relief Lee seeks is not available through mandamus, the action will be dismissed and the Order to Show Cause issued July 1, 2008 will be vacated.

The complaint identifies a host of grievances as to which Lee wants "redress . . . under the First Amendment." (Pet. at 2.) For instance, he notes generally that prison employees are embezzling funds (Pet. at 3), that he has been assaulted and sexually assaulted by prison staff (*id.*), that those in charge of the food at the Lewisburg, Pennsylvania prison are engaged in a criminal enterprise (*id.*), that prison officials have violated their own policies by denying him good-time credit, phone privileges, and receipt of funds from his family members (*id.* at 3-4). Lee also complains that information he tried to give authorities could have helped prevent murders at another prison (*id.* at 3), that allowing prison staff to bring tobacco products into the institution is causing a lot of trouble, noting that a $10.00 bag of tobacco is "easily" sold inside

the prison for $3000.00 (*id*. at 4-5), and that the inmate security and custody classification is racially discriminatory (*id.* at 5). He further complains that the Warden has illegally confiscated his personal property and threatened his life, and that he has been threatened while in the facility's special housing unit. (*Id*. at 6). Lee also asserts, without providing any supporting facts, that prison staff have violated unspecified First Amendment rights (*id.* at 7) in conjunction with his views about weights (presumably free weights used in exercise) (*id.* at 11).

As relief, Lee asks this Court to issue an order that would require the United States Attorney General to use the Federal Bureau of Investigation to investigate several identified prison employees, to review and recalculate his good-time credit, to remove all weights from all federal prisons, to prohibit all prison employees from bringing any tobacco products into any federal prison facility, and to revise the inmate security and custody classification system. (*Id*. at 9.) As further relief, he wants this Court to issue an order directing the Director of the Bureau of Prisons to investigate all grievances Lee has filed, to transfer Lee, to investigate the denial of Lee's privileges to receive family funds and use the telephone, and to suspend "all executive staff" and "non-executive staff" pending the investigation, the latter without pay. (*Id*. at 9-10.) Finally, Lee asks this Court to order the Warden at the Oxford facility to document the reason for Lee's assignment to the special housing unit and the conditions imposed on him there, to remove all weights, to suspend without pay the prison staff being investigated on these allegations, and to terminate the staff who are found to have knowingly harassed Lee for exercising his First Amendment rights. (*Id.* at 10-11.)

"The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if

the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (quoting *Will v. United States,* 389 U.S. 90, 95 (1967)); *see also Doe v. Exxon Mobil Corp.,* 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)). In other words, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon*, 170 F.3d at 191 (internal quotation marks and citation omitted).

    Lee asks this Court to judicially usurp the authority of the executive branch defendants and direct them to take certain actions. The complaint is abundantly clear that it seeks an order through mandamus. However, none of the relief Lee seeks is available through mandamus because none of what he requests is in the nature of a nondiscretionary or ministerial duty that any one of these defendants clearly owes to Lee.

    Accordingly, Lee's complaint for mandamus relief will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). This dismissal shall count as

a "strike" for purposes of 28 U.S.C. § 1915(g). An order based on the reasons stated here will accompany this memorandum opinion.

                                  ELLEN SEGAL HUVELLE
Date:   July 14, 2008                                  United States District Judge